CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for RWg
FEB 24 2011
JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT TRUSSELL,** <br> **Plaintiff,** | Civil Action No. 7:11-cv-00080 |
| v. | **MEMORANDUM OPINION** |
| **HONORABLE KENETH I.** <br> **DEVORE, et al.,** <br> **Defendants.** | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Robert Trussell, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. §§ 1331 and 1343. Plaintiff names as defendants the Honorable Kenneth I. Devore of the Montgomery County Circuit Court, the Commonwealth of Virginia, and attorney Mark Hathaway. Plaintiff is unsatisfied with a decision the judge made during his state-court criminal proceedings, and acknowledged on his complaint that he is not seeking accelerated release from custody. Plaintiff requests as relief "to just make a ruling of any if it by law."

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring);

Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Congress has conferred district courts with the authority to decide only certain types of cases. Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1343, the district court have jurisdiction over, inter alia, a case involving a state inmate's civil rights. This jurisdiction is not unlimited, however. The United States Supreme Court has repeatedly held that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous[,] . . . plainly unsubstantial, . . . or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal quotations and citations omitted). Rule 12(b)(1) authorizes the district court to dismiss a "patently insubstantial complaint . . . for want of subject-matter jurisdiction." Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989). Furthermore, the court has an independent obligation to evaluate, sua sponte, its subject matter jurisdiction if it is in doubt. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977). See also Apple v. Glenn, 183 F.3d 477, 479-80 (6th Cir. 1999) (finding that complaint may be dismissed sua sponte "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Principles requiring generous construction of pro se pleadings are also not without limits. Beaudett, 775 F.2d at 1277. A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988). District courts are not required "to conjure up questions never squarely presented to them" or "to construct full blown claims from sentence fragments." Beaudett, 775 F.2d at 1278.

Plaintiff's complaint is devoid of any useful information to even fathom what it is plaintiff complains of or seeks redress from. As such, his complaint is too attenuated and unsubstantial to invoke jurisdiction over the complaint. Furthermore, it is well-settled that a judge is "absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872)). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. Moreover, federal courts will not direct state court actors through a writ of mandamus or an injunction. Gurley v. Superior Ct. of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969). See, e.g., 42 U.S.C. § 1983; Olson v. Hart, 965 F.2d 940, 943 (10th Cir. 1992) (explaining that injunctive relief under § 1983 is not available absent deprivation of federal right). It is also completely unclear how the Commonwealth of Virginia is related as a defendant to the complaint. Finally, an attorney,

3

whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender). Accordingly, I dismiss the complaint without prejudice as frivolous. See McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)). Plaintiff may refile a clearer and more detailed complaint at the time of his choice.[1]

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 24th day of February, 2011.

Senior United States District Judge

---

[1] If plaintiff is attempting to challenge his state-court conviction, he may proceed via a petition for a writ of habeas corpus. I decline to construe this bare complaint as a habeas petition because he specifically acknowledged he did not seek an earlier release, the complaint lacks verification, and it does not substantially follow the form habeas petition. See Rules Governing § 2254 Cases 1(b), 2.